I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 8-5-13

DEPUTY CLERK



"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG - 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY YOUNG,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>KEVIN CHAPPELL, Warden,<br><br>　　　　Respondent. | Case No. CV 13-04926-R (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

　　　Petitioner, a California state prisoner currently incarcerated at San Quentin State Prison, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 herein on July 9, 2013.

　　　It appears from the face of the Petition that it is directed to the same 1990 Los Angeles County Superior Court judgment of conviction as the prior habeas petition lodged for filing by petitioner in this Court on October 5, 1999 in Case No. CV 99-05405-R (Mc) [hereinafter the "Prior Action"]. On November 4, 1999, Judgment was entered in the Prior Action dismissing the petition with prejudice, based on the Magistrate Judge's finding and conclusion that the petition was time barred. Petitioner filed a Notice of Appeal from that Judgment. However, his requests for a certificate of appealability were denied in turn by this Court and the Ninth Circuit.

　　　The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28

U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) *A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> (2) *A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
>     (A) *the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
>
>     (B)(i) *the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
>
>     (ii) *the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*
>
> (3) (A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

The Petition now pending constitutes a second and/or successive petition challenging the same judgment of conviction as the Prior Action, within the meaning of 28 U.S.C. § 2244(b). See <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition

second or successive for purposes of 28 U.S.C. § 2244(b)). Thus, to the extent that petitioner is now purporting to raise new claims of error,[1] it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider those claims, prior to his filing of the instant Petition in the District Court. Such permission will be granted only if "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)]." See id. Only after the Circuit has made the initial determination that the petitioner has made a prima facie showing under § 2244(b)(2) does the district court have any authority to consider whether the petitioner has, in fact, met the statutory requirements of § 2244(b). See 28 U.S.C. § 2244(b)(4). Under § 2244(b)(4), the petitioner must make "more than another prima facie showing" in the district court; the "district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the [petition] meets the statutory requirements for the filing of a second or successive petition." See United States v. Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir. 2000).

While it does not appear to the Court that petitioner's claims challenging the identification procedures used in pretrial lineups are based on any new rules of constitutional law made retroactive by the Supreme Court or that petitioner can make the requisite prima facie showing that the factual predicate for his claims could not have been discovered previously through the exercise of due diligence or that petitioner can show that the facts underlying his claims establish his innocence by clear and convincing evidence, that is a determination for the Ninth Circuit to make in the first instance. Petitioner's failure to secure an order from the Ninth Circuit authorizing the District Court to consider the new claims being alleged in the Petition now pending, prior to his filing of the Petition in the District Court, deprives the

---

[1] In the Prior Action, petitioner alleged eleven separate instances of ineffective assistance of trial counsel. In the instant action, petitioner purports to be challenging the identification procedures used in pretrial lineups.

1 | Court of subject matter jurisdiction. See Cooper, 274 F.3d at 1274.

2 |     IT THEREFORE IS ORDERED that this action be summarily dismissed
3 | pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States
4 | District Courts.

5 |     LET JUDGMENT BE ENTERED ACCORDINGLY.

7 | DATED: July 30, 2013

                                   MANUEL L. REAL
                                   UNITED STATES DISTRICT JUDGE

11 | Presented by:

13 | Robert N. Block
    United States Magistrate Judge